# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shonrick Brame, | No. CV-25-02230-PHX-KML (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Sergeant Copeland, et al., | |
| Defendants. | |

Self-represented Plaintiff Shonrick Brame, who is not in custody, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a non-prisoner Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2). On July 7, 2025, Plaintiff filed a Supplemental Notice of Retaliation, Trust Interference, and Motion for Emergency Injunction (Doc. 6). On August 6, 2025, Plaintiff filed a Motion for Leave to File Documents Electronically (Doc. 7).

The Court will grant the Application to Proceed, dismiss the Complaint with leave to amend, and deny the Motions.

**I.     Application to Proceed**

In his Application to Proceed, Plaintiff indicates he has insufficient funds to pay the filing fee for this action. The Court, in its discretion, will grant Plaintiff's Application to Proceed. Plaintiff will not be required to pay the filing fee for this action.

. . . .

. . . .

## II. Statutory Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

. . . .

## III. Complaint

In his six-count Complaint, Plaintiff alleges three Fourth Amendment claims for unlawful search, unlawful arrest, and excessive force. He also asserts claims for "failure to intervene and supervise," intentional infliction of emotional distress, and "judicial misconduct." Plaintiff names as Defendants Sergeant Copeland; Officer Martin; Officer Lee; Officer Alvan; Officer Coros; Sergeant Parkson; Officer D. Mitchell; John Doe Officers 1-10; and an Unnamed Judge. Plaintiff seeks monetary damages and his court costs.

Plaintiff's claims stem from an alleged incident that occurred on September 5, 2024, when approximately 20 officers, including SWAT[1] members, raided Plaintiff's private residence in Maricopa County. Plaintiff asserts officers entered and searched the home without presenting a valid search warrant or pursuant to a "false warrant." He claims officers used excessive force on him when they pushed Plaintiff off his property, forcibly removed him from his home, and detained him without legal justification. Plaintiff asserts that Defendant Lee verbally threatened him, and that Defendant Parkson made threats and refused to identify himself. Allegedly, Plaintiff's adult son was wrongfully arrested and "later cleared as a case of mistaken identity."[2] Plaintiff contends his property was damaged during the raid, and he was not provided an explanation or "charges." He asserts that he was treated as a criminal without probable cause or legal process and that the raid caused him and his family emotional trauma, distress, and fear.

Plaintiff claims he possesses audio recordings of the verbal threats made by

---

[1] Although Plaintiff does not specify, the Court presumes SWAT stands for "Special Weapons, and Tactics."

[2] In his Motion for Supplemental Notice of Retaliation, Trust Interference, and Motion for Emergency Injunction (Doc. 6), Plaintiff claims that his son, Mosiah Brame, was later arrested and charged with offenses tied to the "raid." The Court notes that Mosiah Brame, was charged in Maricopa County Superior Court with one count of Burglary in the First Degree and four counts of Armed Robbery With a Deadly Weapon, occurring on August 25, 2025. *See* Criminal Court Case Information – Case History, Maricopa County Superior Court, https://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2024-142816 [https://perma.cc/SZW7-TED7]. This offense occurred approximately 11 days prior to Plaintiff's alleged residence search.

Defendants Lee and Parkson during the raid. He also claims to possess video recordings showing the "unlawful conduct, excessive force, and lack of lawful justification by Defendants."

**IV.     Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

   **A.     Defendants Copeland, Martin, Alvan, Coros, Mitchell, and John Doe Officers 1-10**

Plaintiff has not made any specific allegations Defendants Copeland, Martin, Alvan, Coros, Mitchell, and John Doe Officers 1-10 and instead has lumped these Defendants together, without any factual detail as to what any particular Defendant did or failed to do. A complaint "does not require 'detailed factual allegations,'" but it must plead enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, a plaintiff must "allege overt acts with some degree of particularity such that his claim is set forth clearly enough to give defendants fair notice" of the allegations against them. *Ortez v. Washington County*, 88 F.3d 804, 810 (9th Cir. 1996); *see also Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2014) ("A plaintiff 'must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole."); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (N.D. Cal. 2014) (complaint failed to satisfy Rule 8 where it lacked "facts of defendants' specific wrongdoing to provide fair

notice as to what each defendant is to defend."). Courts consistently conclude that a complaint that "lump[s] together ... multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). Thus, the Court will dismiss without prejudice Defendants Copeland, Martin, Alvan, Coros, Mitchell, and John Doe Officers 1-10.

### B. Defendant Unnamed Judge

Plaintiff does not allege any facts against Defendant Unnamed Judge. Additionally, Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Plaintiff sues Defendant Unnamed Judge for "sign[ing] an unlawful warrant." (Doc. 1 at 2.) Signing a warrant is a judicial act and Defendant Unnamed Judge is therefore immune from suit even if the warrant contained a grave error of law. Accordingly, the Court will dismiss Defendant Unnamed Judge.

### C. Count One and Two – Fourth Amendment Search and Seizure

Plaintiff asserts that Defendants violated his Fourth Amendment rights when they searched his home "without presenting a valid search warrant or under a false warrant." A valid search warrant must be based on probable cause, be supported by oath or affirmation, and particularly describe the place to be searched and persons or things to be seized. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004). Additionally, "[f]or Fourth Amendment purposes, a warrant to search for contraband founded on probable cause implicitly carries with it the

limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 692 (1981).

However, to justify a warrantless entry into a residence, the government must show the existence of probable cause and exigent circumstances. *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002). "There are two general exceptions to the warrant requirement for home searches: exigency and emergency." *United States v. Martinez*, 406 F.3d 1160, 1164 (9th Cir. 2005). These exceptions are applied narrowly, and a warrant is generally required to enter a person's home "unless the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (internal quotation omitted); *see Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009); *see also Payton v. New York*, 445 U.S. 573, 590 (1980) ("[t]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant").

Plaintiff fails to assert whether his house was searched pursuant to a search warrant or not. He also does not allege if he was temporarily detained because his residence was being searched or if he was detained for other reasons. Further, if Plaintiff's residence was searched pursuant to a search warrant, Plaintiff has failed to allege facts to support that the warrant was deficient or facially invalid. As such, the Court will dismiss Plaintiff's Fourth Amendment search and seizure claims.

### D.   Count Two – Fourth Amendment Excessive Force

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures. *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). But the Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of S.F.*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v.*

*Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.

Plaintiff alleges that Defendants pushed him off his property while a search was being conducted of his residence. He fails to allege why Defendants were searching his residence, whether Defendants reasonably perceived any threats by Plaintiff or other occupants in the home, and if Plaintiff was resisting in any way.

Plaintiff also claims that Officer Lee and Sergeant Parkson verbally assaulted him and that Sergeant Parkson refused to identify himself. Verbal harassment or abuse—absent more—does not rise to a constitutional level. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993) (prisoner's claims of verbal abuse did not rise to a constitutional level); *see also McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures . . . do not, even if true, amount to constitutional violations") (quoting *Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977)). As such, the Court will dismiss without prejudice Plaintiff's excessive force claims.

## V. Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a

first amended complaint to cure the deficiencies outlined above.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

If Plaintiff elects to file an amended complaint, he should be aware that "sovereign-citizen" claims—of which his complaint bears the hallmarks, including an allegation that he is not a citizen of the United States or Arizona (Doc. 1 at 1), and which is supported by the attachment of a dubious trust document to his motion (Doc. 6 at 5–9)—have been

"consistently and thoroughly rejected by every branch of the government for decades." *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (plaintiff's argument that she was not subject to the tax code because she is an "absolute, freeborn and natural individual" was frivolous and "utterly meritless"); *see also*, *e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' [or] a 'secured-party creditor,' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily[.]"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (defendant's sovereign-citizen argument was "completely without merit" and "patently frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing sovereign-citizen arguments as having "no conceivable validity in American law"); *see also Harrison v. Gunnells*, 9:23-00584-RMG-MHC, 2024 WL 4682522, at *7 (D.S.C. Sept. 10, 2024) ("Plaintiff cannot claim to be a sovereign independent of governmental authority while simultaneously asking the judicial system to grant him recourse."); *La Vell Harris v. County of Lake*, 20-cv-09329-RMI, 2021 WL 2170138, at *1 n.1 (N.D. Cal. May 10, 2021) (describing the sovereign citizen ideology as a "highly unusual and thoroughly debunked system of beliefs" that "amount[s] to little more than a series of baseless and senseless conspiracy theories"); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars") *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020); *Wirsche v. Bank of Am., N.A.*, No. 7:13-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) ("[Sovereign citizen] teachings have never worked in a court of law—not a single time.").

## VI. Plaintiff's Motions

### A. Supplemental Notice of Retaliation, Trust Interference, and Motion for Emergency Injunction

In his Motion, Plaintiff asserts that he is acting "in propria persona and as Trustee

of the SHONRICK BRAME TRUST."[3] Plaintiff alleges, among other things, that "prior to September 5, 2024," he was unlawfully arrested by the "City of Glendale and/or Maricopa County" without due cause. He claims that he was physically assaulted, forcibly restrained, injected with a needle against his will, and falsely charged with a DUI.[4] He further claims that on September 5, 2024, officers raided his residence, wrongfully arrested his son Mosiah Brame, and later released Mosiah due to mistaken identity. According to Plaintiff, his son was rearrested on June 27, 2025 and charged with the "same offenses tied to the original raid." Plaintiff claims the arrest "constitute[d] unlawful harassment and direct retaliation following the filing of this suit." Plaintiff asks the Court to issue an immediate injunction preventing further custodial action against his son, order the immediate release of his son, and schedule an emergency hearing to address ongoing retaliatory conduct.

First, Plaintiff may not file an action or seek relief on behalf of his son in this case. Although a non-attorney may appear pro se in his own behalf, that privilege is personal to him, and he has no right to appear as an attorney for others. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (citing *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Second, whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016,

---

[3] Plaintiff should be aware that a non-attorney trustee may not represent a trust pro se in an Article III court. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987); *Scott, Tr. of Winona Rd. Tr. u/t/d July 24, 2020 v. MCI Commc'ns Servs., Inc.*, No. 22-35400, 2024 WL 2130597, at *1 (9th Cir. May 13, 2024).

[4] Plaintiff does not raise any of these allegations in this complaint.

1027 (E.D. Cal. 2000). Because the Court has dismissed Plaintiff's claims, Plaintiff has failed to show he is likely to succeed on the merits of his claims. Thus, the Court will deny the Supplemental Notice of Retaliation, Trust Interference, and Motion for Emergency Injunction.

### B. Motion For Leave to File Documents Electronically

In his Motion For Leave to File Documents Electronically, Plaintiff states that he is representing himself and can comply with all of the requirements for electronic filing. However, Plaintiff failed to attach the required registration form. The Court will deny Plaintiff's Motion and give Plaintiff an opportunity to refile the motion and required registration form.[5]

## VII. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **granted**. Plaintiff is not required to pay the filing fees for this action.

---

[5] *See* https://www.azd.uscourts.gov/forms/motion-allow-electronic-filing-party-appearing-without-attorney.

(2) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

(4) Plaintiff's Supplemental Notice of Retaliation, Trust Interference, and Motion for Emergency Injunction (Doc. 6) is **denied**.

(5) Plaintiff's Motion for Leave to File Documents Electronically (Doc. 7) is **denied**.

Dated this 20th day of October, 2025.

**Honorable Krissa M. Lanham
United States District Judge**